IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICKI FANNING MCLEAN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-647-RP |
| THE PEOPLE'S REPUBLIC OF CHINA, et al., | § § § § | |
| Defendants. | § | |

**ORDER**

Plaintiff Vicki Fanning McLean ("McLean") filed her complaint in this case on June 25, 2019. (Dkt. 1). McLean is not a prisoner and she is not proceeding *in forma pauperis*. The screening provisions of 28 U.S.C. §§ 1915 and 1915A therefore do not apply. Nevertheless, district courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies even with respect to complaints in which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).

McLean's 51-page complaint (163 pages with exhibits) is fantastical and frivolous. The list of defendants McLean names spans four pages and includes "People's Republic of China, Country of, 1924 to Present," Youtube cofounder Steven Shih Chen, former U.S. Secretary of Energy Steven

1

Chu, current and former elected representatives of several states, current and former university deans, and current U.S. presidential candidate Andrew Yang. (Compl., Dkt. 1, at 1–4).

McLean purports to bring claims against these Defendants under 13 federal statutes. (*Id.* at 5). She says that it "should be assumed that all Chinese immigrants living inside the United States . . . were provided stolen U.S. citizens' social security numbers . . . to fund the Federal Reserve Shareholders espionage activities in other parts of the world." (*Id.* at 10). She goes on to list a number of individuals that she believes are Chinese Americans based on a Wikipedia search, alleges that most have "been involved in the illegal underground mind control operations," and says all of them must be "properly vetted" for possessing a stolen Social Security number. (*Id.* at 15–42). As she has in other recently filed cases, she also alleges that:

> Due to [several Foreign Intelligence Surveillance Court] cases being active with active investigations specifically addressing the yearly massive theft of U.S. funds by the Federal Reserve Shareholders back till 1913 there exists a much greater threat from immigrants, legal and illegal living inside the United State, to rise up and revolt against the U.S. Citizens in the border States and Coastal States while enabling the mass movement of foreign troops from the Mexican border falsely claiming asylum and refugee status, from overseas from China by way of cruise ships, and from Russia by way of illegal international underground subways to overtake the United States and the United States Citizens for the Federal Reserve Shareholders planned massive United States genocide.

(*Id.* at 6). The relief McLean seeks is unclear. She emphasizes that federal courts "need to be obedient" to a passage "from the Torah" and "move swiftly to get revenge and retribution from the People's Republic of China and their citizens living inside the United States or expect to be cursed by the God of Israel once again for 70 years down to 4 generations for not swiftly getting revenge and retribution for the real authentic U.S. citizens." (*Id.* at 49).

The Court finds that all of McLean's claims are totally frivolous. The Court will therefore invoke its inherent authority to dismiss this action with prejudice. As stated by the Fifth Circuit:

2

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Dilworth*, 81 F.3d at 617 (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981)). This reasoning is applicable in cases such as this one.

Additionally, the Court also notes that this is McLean's third case dismissed *sua sponte* as totally frivolous. *See McLean v. State of Texas Secretary of Election Division, et al.*, 1:18-CV-1021-RP (W.D. Tex.); *McLean v. Country of Mexico, et al.*, 1:18-CV-591-RP (W.D. Tex.). Courts possess the inherent authority "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). She has been previously warned that if she continues to file meritless suits, this Court will consider the imposition of sanctions. *McLean v. Country of Mexico, et al.*, 1:18-CV-591-RP (W.D. Tex.), Dkt. 3. Such sanctions may include an injunction barring her from filing any future actions in the Western District of Texas without leave of court, monetary sanctions, or a prohibition against filing any new lawsuits until all sanctions levied against her are paid in full. Because she received that warning after filing this action, the Court will not issue sanctions at this time, but will reiterate its prior warning.

Accordingly, for the reasons given above, the Court **ORDERS** that McLean's complaint is **DISMISSED WITH PREJUDICE** as frivolous.

**SIGNED** on July 9, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE